## Merritt *v.* Funeral Beneficial Association of the United States, Appellant.

*Benefit associations—Funeral·benefits—Payment—Set-off.*

Where under an arrangement between a beneficial association and a funeral benefit association, the latter pays funeral benefits for deceased members of the former, the funeral benefit association in a suit against it by the beneficial association for a funeral benefit, the validity of which is not denied, cannot set off a former payment on account of another member of the benefit association which is alleged to have been made under false representations by the plaintiff, where all that could be alleged was that the plaintiff in the discharge of what was believed to be an honest obligation, but under a misapprehension as to its legal liability paid the benefit in question, and that the defendant induced thereto by no fraud, but laboring under the same mistake had returned without protest to the plaintiff the amount which it had paid out.

Argued Oct. 14, 1912. Appeal, No. 33, Oct. T., 1912, by defendants, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1910, No. 1,081, for plaintiff on case tried by the court without a jury in suit of William Merritt et al. v. Funeral Benefit Association of the United States et al. Before Rice, P. J., Henderson, Morrison, Orlady, Head and Porter, JJ. Affirmed.

Assumpsit for funeral benefits.

Staake, J., filed the following opinion:
The Franklin Council No. 16, plaintiff, was a member of

the Funeral Benefit Association, which by its by-laws was bound to pay to the plaintiff such sum as the latter was required to pay to the beneficiaries or representatives of deceased members, provided such members were at the time of their decease in good standing.

On August 18, 1909, Louis A. Whitehouse, a member of the plaintiff in good standing, died, and the plaintiff council was required to pay, and did pay, to his beneficiaries or representatives, as funeral benefits, the sum of $250. The plaintiff, therefore, filed the present bill to compel the defendant to pay the said amount, for which it is liable under its by-laws.

The defendant does not dispute the propriety or justice of this demand, but claims that it is not indebted to the plaintiff, for the reason that on March 10, 1909, it paid to the plaintiff, as funeral benefits, the sum of $250 on account of the death of one Pearsall, which payment the defendant claims was made on account of the false and fraudulent representations of the plaintiff.

Under the by-laws of the Funeral Benefit Association, the plaintiff was entitled to be reimbursed for the payment of death benefits paid to beneficiaries of deceased members, provided the payments were made in good faith and the deceased members were otherwise qualified at the time of their decease to receive benefits. The defendant claims that Pearsall at the time of his death was not entitled to receive benefits from the Franklin Council No. 16, and that, therefore, that council was not bound to pay funeral benefits to his representatives, and that the payment thereof was not made in good faith.

It appears from the testimony that on October 16, 1908, Pearsall's dues to the Franklin Council No. 16 were thirteen weeks in arrears. The by-laws of the Franklin Council No. 16 provide that where a member becomes indebted to the council for thirteen weeks' dues, he shall not be entitled to receive sick benefits until four weeks after all arrearages have been paid. The testimony shows that Pearsall became sick on October 16, 1908, at

which time, as has been said, he owed over thirteen weeks' dues, viz., twenty-one weeks at twenty-five cents a week, or $5.25. On that date he paid $5.50, and thereafter paid his dues regularly until his death on February 16, 1909, so that although he had been thirteen weeks in arrears, he did not die until more than four weeks after all the arrearages had been paid. Another by-law of the Franklin Council No. 16 provides that if a member is thirteen weeks in arrears and becomes sick, he shall not be entitled to receive benefits in excess of $1.00 a week after the payment of his arrearages, during such sickness. Under this by-law the Franklin Council No. 16 paid to Pearsall $1.00 a week during his sickness and until his death.

It thus appears that Pearsall at the time of his death was not in arrears; that he was entitled to, and did receive, sick benefits to the amount of $1.00 a week; and that more than four weeks had elapsed at the time of his death since all his arrearages had been paid. He must, therefore, be regarded as having been in good standing and entitled to benefits at the time of his death, and the Franklin Council No. 16 was justified in paying funeral benefits to his beneficiaries.

On November 20, 1909, the board of officers of the Funeral Benefit Association considered certain charges brought against the Franklin Council No. 16, and decided that the payment of $250 on account of the death of Pearsall was procured through fraudulent representations, and that Pearsall was not in good standing at the time of his death. At the trial these proceedings were put in evidence, and although they recite that Pearsall was not in good standing at the time of his death, the evidence produced does not sustain the findings of the board of officers of the Funeral Benefit Association but establishes the facts as stated above.

The court is, therefore, of opinion that the defendant has not established a valid set-off to the plaintiff's claim, and therefore should be decreed to pay the same in full with interest, together with the costs.

*Error assigned* was the judgment of the court.

*Alexander M. DeHaven,* for appellants.

*Frederick J. Shoyer* with him *Henry Arronson,* for appellees.

OPINION BY HEAD, J., November 18, 1912:

But little if anything of value can be added to the opinions filed by the learned trial judge with his findings and by the court in banc dismissing the exceptions thereto. The liability of the defendants to pay the claim sued for was practically admitted.  As against this they sought to set off a payment they had made some time earlier to the plaintiffs on account of the death of one Pearsall, a member of the plaintiff council.  This payment it was alleged had been procured by the false and fraudulent representations made by the plaintiffs or their officers.  This allegation was not established by proof as the learned judge below found from the evidence.  It was not denied that Pearsall, at the time of his death in February, 1909, and for a long period before that date, was a member of plaintiff council. As the learned judge further finds, "Pearsall at the time of his death was not in arrears; he was entitled to and did receive sick benefits to the amount of $1.00 per week, and that more than four weeks,"—the probationary period mentioned in the by-laws—"had elapsed since all his arrearages had been paid.  He must therefore be regarded as having been in good standing and entitled to benefits at the time of his death, and plaintiff council was justified in paying funeral benefits to his beneficiaries."

Under these circumstances the most that could be urged against the plaintiff council would be that in good faith, in the discharge of what was believed to be an honest obligation, but under a misapprehension as to their legal liability, they paid to the beneficiary the funeral benefits provided for in the by-laws.  The defendants, induced thereto by no fraud or misrepresentation, but laboring

under the same mistake, returned, without protest, to the subordinate council the amount so paid out as they had undertaken to do. How can money so paid be recovered? De La Cuesta v. Ins. Co., 136 Pa. 62; Shenango Furnance Co. v. Fairfield Twp., 229 Pa. 357.

The questions raised by the numerous assignments of error turn upon the construction of the several by-laws of the two councils and the application of these by-laws to the particular facts in evidence. They involve no legal principle of general interest or importance. No good purpose, therefore, would be subserved by discussing these assignments in detail. Upon due consideration of the entire record and the able arguments of counsel, we are all of opinion that the record exhibits no reversible error. The hope of securing some financial aid during sickness and a fund to discharge the expenses of his own burial are the laudable incentives which induce a man to become a member of these beneficial associations, and courts will not be astute to find technical reasons to destroy its fruition. Certainly beneficial associations are entitled to the protection of the law against covinous raids upon their treasuries. But when a defense of that character is set up against a claim for sick or death benefits, it is not too much to require that it should be clearly supported by the evidence. The assignments of error are all dismissed.

Decree affirmed.