## Bove v. Pennsylvania Manufacturer's Association Casualty Insurance Co.

*James R. Caiola*, for plaintiff.

*High, Swartz, Childs & Roberts*, for defendant.

FORREST, J., March 8, 1957.—This case is before us on defendant's preliminary objections in the nature of a demurrer to a complaint in assumpsit. The action is based upon the theory of unjust enrichment. For present purposes, all of the relevant and well-pleaded averments of the complaint are deemed admitted. Considered in this light, the complaint states the following facts.

Plaintiff, Carmen Bove, is a police officer employed by the Borough of Norristown. On December 12, 1954, while in the scope of his said employment, plaintiff

was struck and injured by an automobile driven by James A. Haskins. As a result, plaintiff was temporarily unable to work, but nonetheless he continued to receive his full salary. The borough made such payments pursuant to the Act of June 28, 1935, P. L. 477, sec. 1, as amended, 53 PS §637. This act provides, inter alia:

"Any . . . policeman . . . of any . . . borough . . . who is injured in the performance of his duties . . . by reason thereof is temporarily incapacitated from performing his duties, shall be paid by the . . . municipality, by which he is employed, his full rate of salary . . . until the disability arising therefrom has ceased. All medical and hospital bills, incurred in connection with any such injury, shall be paid by . . . such . . . municipality. During the time salary for temporary incapacity shall be paid by the . . . borough . . . , any workmen's compensation, received or collected by a . . . policeman . . . for such period, shall be turned over to . . . such . . . borough . . . , and paid into the treasury thereof."

During the period of disability, plaintiff received checks from defendant for workmen's compensation and plaintiff endorsed the checks and turned them over to the borough.

Plaintiff instituted suit against Haskins, claiming damages inter alia for pain and suffering, medical and hospital bills and loss of earnings and earning power. Plaintiff notified the borough of the institution of suit. Thereafter he negotiated a settlement in the sum of $3,500 with Haskins' liability insurance carrier. Plaintiff informed the borough of the settlement. Prior thereto, the borough indicated that it did not desire to intervene in the case as a subrogee of Bove and the settlement was completed without the contemplation by the parties to the action in trespass that any claim

for wages paid by the borough was embraced therein. In connection with the settlement, plaintiff and defendant and the borough executed a release of Haskins which was furnished to Haskins' liability insurance carrier in exchange for a check in the sum of $3,500. (The complaint does not specify the name of the payee or payees of the check.) The release recited that the consideration had been paid "to us," plainly meaning plaintiff, the borough and defendant. This check was "mailed to and subsequently cashed by the plaintiff's attorney in this action and the plaintiff was informed by his attorney that $723.00 had been sent to the defendant" to reimburse it for workmen's compensation benefit checks, paid to plaintiff, which the latter had endorsed to the borough.

Plaintiff avers that if the borough had intervened in the action or if it had indicated an intention to assert its claim out of the proceeds of the settlement, plaintiff would not have settled for $3,500 but would have insisted that in addition thereto, payment would have to be made for the loss of wages; that as the matter stood at the time of the settlement, plaintiff having been paid his wages in full had sustained no loss of wages and hence had no claim of damages for same. Plaintiff contends that the legal consequence of defendant's signing the release was that plaintiff should retain the full $3,500.

Plaintiff also contends that "by accepting and retaining the check forwarded to the defendant, the said defendant has been unjustly enriched." Defendant on the other hand contends that plaintiff has simply alleged that he made a voluntary payment, to which, however, defendant was entitled under the doctrine of subrogation as specified in section 319 of The Workmen's Compensation Act of June 2, 1915, P. L. 736 as amended, 77 PS §671.

According to the complaint, this is a case where "a check in the amount of $3,500 was mailed to and subsequently cashed by the plaintiff's attorney in (the) action (in trespass) and the plaintiff was informed by his attorney that $723 had been sent to the defendant (Pennsylvania Manufacturers') in payment of the workmen's compensation benefits they had paid, as aforesaid. . . ." We can only construe this to mean that plaintiff's attorney, having possession of the entire $3,500, voluntarily turned over $723 of it to defendant, Pennsylvania Manufacturers'. There is no averment that defendant made a misrepresentation or used duress or coercion or other improper means to obtain this money. There is no averment that the money was paid under a mistake of fact or law. However, the general rule stated in the Restatement, Restitution, §45, is that: ". . . a person who, induced thereto solely by a mistake of law, has conferred a benefit upon another to satisfy in whole or in part an honest claim of the other to the performance given, is not entitled to restitution."

"The transferee makes an honest claim if he believes, however unreasonably, that the performance rendered by the other is due him, or that there is a chance that it is due. It is not essential to retention that the transferee demanded performance; he is entitled to retain what he has received if, because of a mistake of law, he does not know when he learns of the transfer and for what it was given, that he was not entitled to it. On the other hand, if he has no substantial doubt as to the law and believes that the transfer is made because of the other's ignorance of the law, his non-disclosure is fraudulent and he is not entitled to retain what is given": Restatement, Restitution, §45, comment b. The propositions announced in the Restatement find support in the Pennsylvania decisions.

Thus, in De La Cuesta v. Insurance Co. of N. A., 136 Pa. 62, 78 (1890), the court stated: "There is no principle of law better settled than that money voluntarily paid with a knowledge of the facts cannot be recovered back. . . . If, in every instance, in which a man is in doubt as to which is the safe course to pursue, he can pay under protest, and then sue to recover it back, it is difficult to see where litigation is to end. The law, therefore, wisely holds that a voluntary payment cannot be recovered back. In the recent case of Harvey v. Girard N. Bank, 119 Pa. 212, the law is thus stated: 'A voluntary payment of money under a claim of right cannot in general be recovered back. There must be compulsion, actual, present, and potential. . . . The element of coercion being essential, a mere protest or notice will not change the character of the payment, or confer of itself a right of recovery;' . . ." This principle has been followed in subsequent cases: Merritt v. Funeral Beneficial Assn., 52 Pa. Superior Ct. 112 (1912).

In William Sellers & Co. v. Clarke-Harrison, Inc., 354 Pa. 109, 113 (1946) the court stated in its opinion: "Money deliberately and voluntarily paid under a contract, with knowledge or means of knowledge of the material facts and without fraud or duress, even though paid under a mistake of law as to the interpretation of a contract cannot be recovered back. . . ."

The facts and circumstances which induced plaintiff to make the payment, which he seeks now to recover, are left to conjecture. We will allow plaintiff an opportuntiy to amend his complaint so as to state a cause of action, if he is able.

And now, March 8, 1957, the preliminary objections are sustained, and plaintiff is allowed 20 days from the date hereof within which to file an amended complaint. Exception to plaintiff.